Judge Brooke.
I have not been able to see any thing in the objections, to the chancellor’s decrees, that have been urged by the counsel for the appellant. Upon a strict examination of the act of 1779, entitled “ An act for adjusting and settling*the titles of claimers to unpatented lands under the present and former government previous to the establishment of the commonwealth’s land-office,” and the subsequent acts on the same subject, I am satisfied, that there is no distinction between vacant, and company lands, that can have any influence on the decision of these cases; and that the appellant, having submitted his claims to the commissioners under the act of 1779, first mentioned, is bound by their decision, according to the case in this court, q| Stephens v. Cobun, 2 Call, 440.
*147 The objection, that the appellant has not been allowed ¿s much interest as he is entitled to on the money paid to the Loyal Company, 1 think also unfounded. After the payment by the appellant, the company had no claim apon the appellees, nor would the appellant, at any time, have received the money, though tendered to him by the appellees, previous to the chancellor’s decrees.
I am therefore of opinion that the decrees, by which the hills are dismissed, be affirmed.
Judge Tucker.
These cases (which all depend upon the same question) appear to me to fall completely within the provisions of the act of May, 1779, c. 12. s. 7, 8, and 9.(a) The former of these sections regulates the manner in which settlements made by certain persons, upon lands surveyed for sundry companies, (of which, the Loyal Company was one,) by virtue of orders of council, without specific agreement, but yet under the faith of the terms of sale offered by such' companies, should be adjusted, and the title of settlers confirmed, and patents from the land-office of the commonwealth, obtained by such settlers, for the lands to which they were thus entitled.
It must here be remembered that the companies here spoken of had never obtained patents for the lands intended to be granted to them, so that their title, as well as that of the settlers, was inchoate only; the legal title being still in the commonwealth.
Sect. 8th establishes a court of commissioners for the adjustment of the preceding claims, (and some others,) whose judgment is declared final; and has been accordingly so decided in the case of Stephens v. Cobun; (b) that is, no appeal or writ of error could be brought to reverse their, judgment. But any person, thinking himself aggrieved thereby, might sue out a caveat, from the general court, upon which the claims of .'■he caveator and cave&tee might be reconsidered, and *148 a patent was to be granted to the party prevailing in the caveat. But if this were neglected until a patent should be actually obtained by the person in,whose favour the commissioners should decide, I presume it was afterwards too late to sue out a caveat; the object of which is not to repeal a patent, but to prevent the emanation of one.(a) And, even if the party thinking him- . y / . , • self aggrieved had such an equity as would, on a caveat prior to the grant, have entitled him to a preference, it would be no ground for a bill in equity to set aside the patent, unless he was prevented by fraud, or accident, from prosecuting a caveat.(b) Here, then, had Mr. Ross r o his remedy, if he conceived himself aggrieved by the iudgment of the commissioners. But he has totally neg- */ w lected it, and shown no cause whatever .for such neglect, and, consequently, is hound by their judgment.
On the ground of error in respect to interest, I concur with the judge who has preceded me, upon that point, as well as that in which I have spoken to ; and am therefore of opinion, that the decrees be severally affirmed ; the appellees, as far as in them lay, having complied with the terms on which they were to obtain their patents.
Judges Roane and Fleming were of the same opb nion, and the decrees were unanimously affirmed.

 Ch. Rev. 92-94.

 2 Call. 410.

 1 Wash 40. Wilcox v. Calloway.

 Johnson v. Brown, 3 Call, 259. and Depew v. Howard, 1 Munf. 293.